IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:12-HC-2158-D

| | | |
|---|---|---|
| SCOTT KELLY HANSEN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| KENNETH LASSITER, | ) | |
| | ) | |
| Respondent. | ) | |

On July 6, 2012, Scott Kelly Hansen ("Hansen" or "petitioner"), a federal prisoner proceeding pro se who is currently housed in Central Prison, filed this petition for a writ of habeas corpus. Pet. [D.E. 1]. Hansen seeks leave to proceed in forma pauperis [D.E. 4]. On July 18, 2012, Hansen filed a motion for reconsideration [D.E. 5]. On July 24, 2012, Hansen moved for a preliminary injunction. Mot. Prelim. Inj. [D.E. 6]. As explained below, the court grants Hansen's motion for reconsideration, dismisses Hansen's petition for a writ of habeas corpus, and denies his motion for a preliminary injunction.

I.

As for Hansen's petition for a writ of habeas corpus, the court now conducts a preliminary review pursuant to 28 U.S.C. §§ 1915A and 2243, and Rules 1 and 5 of the Rules Governing Section 2254 Cases in the United States District Courts.

> Hansen was indicted in [the Northern District of Ohio] on May 6, 1998. United States v. Hansen, No. 3:98cr0770 (N.D. Ohio 1998)(Carr, J.) The indictment charged him with bank robbery by force and violence in violation of 18 U.S.C. § 2113(a). The case was transferred to the District Court of Rhode Island on October 16, 1998 pursuant to a Rule 20 consent to transfer jurisdiction. [Hansen] subsequently pleaded guilty to the one count indictment and was sentenced to 188 months in prison on February 11, 2000. The court ordered the sentence to be served

concurrently with sentences imposed in Case Nos. CR98-53L; CR98-86L; CR98-87L; CR99-41L; CR99-50L and CR99-76L. Immediately thereafter, . . . Hansen appealed his conviction to the First Circuit Court of Appeals. The appeal was dismissed on March 5, 2002.

Hansen v. Collins, No. 3:09-cv-00117-DAP, [D.E. 6] 1–2 (N.D. Ohio May 11, 2009) (unpublished). Hansen is a federal prisoner, although he has been intermittently housed in state prisons pursuant to the Bureau of Prisons's ("BOP") Interstate Correction Compact, which permits the BOP to house federal prisoners in state prisons. See Pet. 2–3; Hansen v. Symmes, Civil No. 11-378 (RHK/FLN), 2011 WL 1167119, at *1 (D. Minn. Mar. 2, 2011) (unpublished), M&R adopted, 2011 WL 1130450 (D. Minn. Mar. 28, 2011) (unpublished).[1]

"[T]he Attorney General may contract, for a period not exceeding three years, with the proper authorities of any State, Territory, or political subdivision thereof, for the imprisonment" of federal prisoners. 18 U.S.C. § 4002; see Olim v. Wakinekona, 461 U.S. 238, 246 (1983), abrogated on other grounds by Sandin v. Conner, 515 U.S. 472 (1995). Furthermore, Congress has expressly authorized the BOP to house federal prisoners in prisons "whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted . . . ." 18 U.S.C. § 3621(b); see Meachum v. Fano, 427 U.S. 215, 224–25 (1976). "The Attorney General may transfer a convict from a federal to a state prison without notice to or consent of the convict." Rosenberg v. Carroll, 99 F. Supp. 630, 632 (S.D.N.Y. 1951) (collecting cases); see Beltran v. Smith, 458 U.S. 1303, 1305 (Rehnquist, Circuit Justice, 9th Cir. 1982); Poland v. Stewart, 117 F.3d 1094, 1098 (9th Cir. 1997); Prows v. Fed. Bureau of Prisons, 981 F.2d 466, 468 n.3 (10th Cir. 1992); Brown-Bey v. United States, 720 F.2d 467, 470 (7th Cir. 1983); Ange v. Paderick, 521 F.2d

---

[1] For a comprehensive description of Hansen's criminal history and various state and federal prisons in which he has been housed, see Hansen v. Lappin, 800 F. Supp. 2d 76, 77–80 (D.D.C. 2011).

1066, 1068 (4th Cir. 1975); Lyons v. Clark, 694 F. Supp. 184, 186–87 & n.2 (E.D. Va. 1988), aff'd, 887 F.2d 1080, 1989 WL 117800 (4th Cir. Sept. 22, 1989) (per curiam) (unpublished table decision). Moreover, "the authority to classify federal prisoners for the purposes of confinement, care and treatment, has been conferred exclusively upon the Attorney General, and . . . his determinations, made in the exercise of that authority, are not subject to review in habeas corpus proceedings." Garcia v. Steele, 193 F.2d 276, 278 (8th Cir. 1951); see McCall v. Ebbert, 384 F. App'x 55, 57–58 (3d Cir. 2010) (per curiam) (unpublished); Falcon v. U.S. Bureau of Prisons, 52 F.3d 137, 138–39 (7th Cir. 1995). Thus, Hansen fails to state a claim.

To the extent Hansen challenges the conditions of his confinement, including "the forfeiture of personal property . . . without any (due process of law)[,] . . . access to a law library, law books, and legal materials[, and] . . . a number of . . . (fees) [Hansen] is required to pay to the State of North Carolina," Pet. 2, Hansen's claim is not cognizable in a petition for a writ of habeas corpus. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) (holding that a writ of habeas corpus is the exclusive remedy for inmates seeking release from their confinement). Thus, a state prisoner may not use section 1983 and a federal prisoner may not use Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), to seek release from unconstitutional confinement. See Preiser, 411 U.S. at 500. Rather, when an inmate challenges his conditions of confinement, whether seeking monetary or injunctive relief, the inmate generally must bring his claim pursuant to either section 1983 (if a state prisoner) or Bivens (if a federal prisoner). See, e.g., Nelson v. Campbell, 541 U.S. 637, 643 (2004); Muhammad v. Close, 540 U.S. 749, 750–51 (2004) (per curiam); Preiser, 411 U.S. at 494, 498–99.

An action may be a hybrid of habeas and Bivens when an inmate "seek[s] relief unavailable in habeas, notably damages, but on allegations that not only support a claim for recompense, but

3

imply the invalidity either of an underlying conviction or of a particular ground for denying release short of serving the maximum term of confinement." Muhammad, 540 U.S. at 751; see Wilkinson v. Dotson, 544 U.S. 74, 81 (2005) ("[H]abeas remedies do not displace [section] 1983 actions where success in the civil rights suit would not necessarily vitiate the legality of (not previously invalidated) state confinement."). Here, success on the merits of Hansen's claims concerning the conditions of confinement would not invalidate his conviction. Therefore, this action is not the hybrid action discussed in Muhammad and Wilkinson. Accordingly, the court dismisses Hansen's petition for a writ of habeas corpus.

As for Hansen's motion for a preliminary injunction, Hansen asserts that he "was ordered to turn over to [Central Prison] staff . . . the prescription eyeglasses on his face, and to return them . . . and two spare sets of prescription eyeglasses," and that without glasses he "is (85 pr. cent) blind . . . ." Mot. Prelim. Inj. 1–2 (emphases omitted). Hansen seeks an order directing "the community corrections manager . . . for the Federal Bureau of Prisons . . . to investigate what the heck . . . is going on over here at Central Prison with one of there [sic] prisoners." Id. 3 (emphases omitted).

The substantive standard for granting a temporary restraining order is the same as that for entering a preliminary injunction. See, e.g., U.S. Dep't of Labor v. Wolf Run Mining Co., 452 F.3d 275, 281 n.1 (4th Cir. 2006). A court may grant a temporary restraining order or a preliminary injunction if the moving party demonstrates "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). In Winter, the Supreme Court rejected the "standard that allowed the plaintiff to demonstrate only a possibility of irreparable harm because that standard was inconsistent with [the Court's] characterization of injunctive relief as an extraordinary remedy that may only be

4

awarded upon a clear showing that the plaintiff is entitled to such relief." Real Truth About Obama, Inc. v. FEC, 575 F.3d 342, 346 (4th Cir. 2009) (quotations omitted), vacated on other grounds, 130 S. Ct. 2371 (2010), reissued in relevant part, 607 F.3d 355 (4th Cir. 2010) (per curiam).

Hansen has not established that he is likely to succeed on the merits, that he is likely to suffer irreparable harm absent injunctive relief, that the balance of equities tips in his favor, or that an injunction is in the public interest. Therefore, the court denies Hansen's motion for a preliminary injunction.

II.

In sum, the court GRANTS Hansen's motion for reconsideration [D.E. 5], DISMISSES WITHOUT PREJUDICE Hansen's petition [D.E. 1], and DENIES Hansen's motion for a preliminary injunction [D.E. 6]. The court DENIES a certificate of appealability. See 28 U.S.C. § 2253(c). The Clerk of Court shall close the case.

SO ORDERED. This 12 day of October 2012.

JAMES C. DEVER III
Chief United States District Judge

5

Case 5:12-hc-02158-D   Document 7   Filed 10/12/12   Page 5 of 5